```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

YOLANDA RIVERA-MERCADO,

   **Plaintiff**

         **v.**                           **CIVIL NO**. 06-1018 (JAG)

SCOTIABANK DE PUERTO RICO-
INTERNATIONAL, <u>et</u> <u>al.</u>,

   **Defendant(s)**

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

   Pending before the Court is Defendants' Scotiabank de Puerto Rico-International, Scotiabank de Puerto Rico, Inc. ("SBPR"), Jorge Sierra, Arlene Marrero, and ABC Insurance Company (collectively "Defendants") Motion for Summary Judgment. (Docket No. 22). For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

   On January 5, 2006, Plaintiff Yolanda Rivera Mercado ("Plaintiff") filed the present complaint against Defendants. Basically, Plaintiff alleges that she was terminated from her employment at SBPR because of her asthma condition in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. (Docket No. 1).

   On May 15, 2007, Defendants moved for summary judgment.

(Docket No. 22). Plaintiff opposed Defendants' Motion for Summary Judgment. (Docket No. 39). On August 13, 2007, Defendants responded to Plaintiff's opposition. (Docket No. 47). On September 7, 2007, Plaintiff filed her sur-reply. (Docket No. 54).

Defendants' Motion for Summary Judgment was referred to a Magistrate Judge. (Docket No. 57). On January 29, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' Motion for Summary Judgment should be granted. The Magistrate Judge concluded that the following facts were not in genuine and material dispute:

1) SBPR is a financial corporation organized under the laws of the Commonwealth of Puerto Rico.

2) On February 27, 2003, Plaintiff began working as a Manager of the Plaza Escorial branch of SBPR. Previously, she had worked with First Bank for over thirty-three years.

3) In general terms, as Manager of the Plaza Escorial branch of SBPR, Plaintiff was: responsible for generating and maintaining maximum business volumes and related revenues, consistent with negotiated short and long-term objectives of the Bank by developing new business opportunities and expanding existing connections; ensuring the delivery of a high standard of customer service, controlling branch operations; and of effectively managing the branch's human, financial and other resources.

4) Plaintiff received information or documents containing SBPR's anti-discrimination and anti-harassment policies, as well as

Civil No. 06-1018 (JAG)                                                3
the bank's affirmative action policies for the disabled.

5) Plaintiff's performance as of October 28, 2003, was appraised as part of her Performance Appraisal Report ("PAR") as "Meets Expectations," even though "business targets were not met," since she had only contributed to the branch's operations for half a year. On December 15, 2003, Plaintiff signed the PAR.

6) An Audit Report of the Plaza Escorial Branch performed on December, 2003, reported that "overall conditions in Escorial Branch are classified as Needs Improvement."

7) In particular, said report determined that improvement was required in the following areas: commercial loans, compliance, retailing, operations management and sales delivery.

8) On August 3, 2004, SBPR conducted a "Branch Revision Visit" at the Escorial branch.

9) Some of the findings reported during the August 3, 2004, visit to the Plaza Escorial branch of SBPR include: not correcting certain findings from a previous visit; the "Call Program" was in disarray; loans had not been adequately developed; and coaching of the assistant managers was inadequate as well as Plaintiff's marketing efforts.

10) In light of the deficiencies found during the August 3, 2004, visit to the Plaza Escorial branch of SBPR, Plaintiff was placed on a Performance Improvement Program ("PIP").

11) On August 23, 2004, a status report of a review of the files of the Plaza Escorial branch of SBPR showed that many of said

Civil No. 06-1018 (JAG)                                              4

files had many deficiencies (over 67% of the reviewed files needed correction).

12) On August 24, 2004, Plaintiff requested that her performance be re-valuated since she did not agree with her placement on the PIP.

13) On August 26, 2004, Plaintiff was informed that, in addition to the performance issues that had been informed to her when she was placed on the PIP, she had also violated the bank's policies and procedures related to the Customer Identification Program ("CIP").

14) The CIP is a federally mandated program that requires that a financial institution adequately maintain certain customer identifiers to protect United States citizens from terrorism and money laundering.

15) On September 7, 2004, Plaintiff was once again informed that her performance was poor and that the bank was in potential regulatory risk.

16) Plaintiff was informed that there would be a formal review of her and of Plaza Escorial's branch's performance on October 31, 2004.

17) The formal review states that the Plaza Escorial Branch of SBPR was in a state of disarray where almost all areas of the branch that were inspected were deficient.

18) On November 12, 2004, Plaintiff's employment was terminated.

Civil No. 06-1018 (JAG)                                                5

19) Plaintiff suffers from asthma.

20) Prior to her termination, no one from SBPR mentioned anything about her alleged asthma condition.

21) Plaintiff does not consider herself to be disabled.

22) Plaintiff does not consider that her asthma condition impaired her ability to perform her duties as Manager of the Plaza Escorial branch of SBPR.

23) When asked if she had ever requested reasonable accommodations for her asthma condition, Plaintiff answered: "No sir, I had no reason to do so."

24) On April 21, 2005, Plaintiff filed a disability discrimination charge in the Equal Employment Opportunity Commission ("EEOC").

After considering all the aforementioned facts, the Magistrate Judge found that Plaintiff failed to submit sufficient evidence to support her claim that her asthma condition rendered her disabled within the meaning of the ADA.[1] Additionally, the Magistrate Judge

---

[1] To qualify as disabled under the ADA's definition of disability, a claimant must initially prove that he or she has a physical or mental impairment. Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 195 (2002)(citing 42 U.S.C. § 12102(2)(A)). A "physical impairment," the type of impairment relevant to this case includes physical impairments to a persons's respiratory organs. See 45 CFR § 84.3(j)(2)(I). However, "[m]erely having an impairment does not make one disabled for purposes of the ADA." Toyota Motor, 534 U.S. at 195. The impairment must limit a major life activity. See 42 U.S.C. § 12102(2)(A). Examples of "major life activities," include "walking, seeing, hearing," and, as relevant here, "performing manual tasks." 45 CFR § 84.3(j)(2)(ii) (2001).
   Furthermore to qualify as disabled, a claimant must

Civil No. 06-1018 (JAG)                                                  6

concluded that Plaintiff failed to prove that her asthma condition rendered her disabled within the meaning of the statute because she did not proffer sufficient evidence to prove that Defendants regarded her as impaired in her ability to breathe and/or work.[2]

---

demonstrate that the limitation on the major life activity is "substantial." 42 U.S.C. § 12102(2)(A). A person is "substantially limited" when he/she is "unable to perform a major life activity that the average person in the general population can perform"; or "significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." Toyota Motor, 534 U.S. at 196  (citing 29 CFR § 1630.2(j)). In determining whether an individual is substantially limited in a major life activity, the regulations instruct that the following factors should be considered: "the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment." Id. (citing 29 CFR §§ 1630.2(j)(2)(i)-(iii)).

[2] The ADA's definition of disability includes "a physical or mental impairment that substantially limits one or more... major life activities," or as "being regarded as having such an impairment." Sutton v. United Air Lines, 527 U.S. 471, 489 (1999) (citing 42 U.S.C. §§ 12102(2)(A), 12102(2)(C)). In Sutton, the Supreme Court explained when a claimant may fall under the ADA definition of being disabled because the employer mistakenly believed he/she had an impairment. Specifically, the Supreme Court stated that:
> There are two apparent ways in which individuals may fall within this statutory definition: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individual -- it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact,

Civil No. 06-1018 (JAG)                                                7

Furthermore, the Magistrate Judge noted that Plaintiff failed to allege in the complaint that she was limited in the major activities, namely, speaking, running, walking and working. The Magistrate also found that Plaintiff failed to allege that Defendants regarded her as disabled as required by the ADA. The Magistrate Judge stated that Plaintiff made said allegations for the first time in her reply and sur-reply to Defendants' Motion for Summary Judgment. As such, the Magistrate Judge concluded that Plaintiff could not attempt to amend her allegations by claiming for the first time in her opposition to the Motion for Summary Judgment and in the sur-reply that her ability to perform major life activities was impaired by her asthma and that Defendants regarded her as disabled.

Finally, the Magistrate Judge found that Plaintiff's ADA claim must fail because she failed to present evidence that Defendants regarded her disabled with respect to "either a class of jobs or a broad range of jobs in various classes as compared with the average person having comparable training, skill and abilities."[3] For these

---

the impairment is not so limiting. Sutton, 527 U.S. at 489.

However, to be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job. Murphy v. Ups, 527 U.S. 516, 523 (1999).

[3] "When referring to the major life activity of working, the Equal Employment Opportunity Commission (EEOC) defines substantially limits as: significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in

Civil No. 06-1018 (JAG)                                            8

reasons, the Magistrate Judge recommended that this Court should grant Defendants' Motion for Summary Judgment. (Docket No. 59). On February 15, 2007, Plaintiff filed her objections to the Report and Recommendation. (Docket No. 64).

## STANDARD OF REVIEW

1) <u>Summary Judgment Standard</u>

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); <u>See also</u> <u>Santiago-Ramos v. Centennial P.R. Wireless Corp.</u>, 217 F.3d 46, 52. (1st Cir. 2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." <u>See</u> Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before the

---

various classes as compared to the average person having comparable training, skills and abilities. <u>Murphy v. Ups</u>, 527 U.S. 516, 523 (1999)(internal quotations and citations omitted).

Civil No. 06-1018 (JAG)                                                9

court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. See Suarez v. Pueblo Int'l, Inc., 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment." Id. at 252. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

Civil No. 06-1018 (JAG)                                              10

The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

2) <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. §§ 636(b) (1) (B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. §§ 636(b)(1). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections," the district court can assume that they have agreed to the magistrate's recommendation'." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247

(1st Cir. 1985).

## Discussion

Plaintiff proffers several objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff objects to several facts that were deemed not in issue by the Magistrate Judge. Second, Plaintiff objected to the Magistrate Judges's finding that her ADA claim must fail because she failed to present evidence that Defendants regarded her as disabled with respect to "either a class of jobs or a broad range of jobs in various classes as compared with the average person having comparable training, skill and abilities." According to Plaintiff, existing case law does not mandate that she present such evidence. Third, Plaintiff notes that the Magistrate Judge held that she failed to specifically allege that Defendants regarded or perceived her as disabled as required by the ADA. She requests permission to amend the complaint in order to include this allegation.

The Court will only discuss the first and third objections because their disposition leads this Court to the conclusion that Plaintiff failed to proffer an adequate ADA claim. Consequently, this Court need not discuss the second objection.

We begin our analysis with Plaintiff's objection to some of the Magistrate Judge's finding of facts. Specifically, Plaintiff

Civil No. 06-1018 (JAG)                                               12

objects to finding of facts 13, 16, 17 and 20.[4] Plaintiff contends that fact 20 is of central importance to the present case.

Fact 20 states as follows: "Prior to her termination, no one from SBPR mentioned anything about her alleged asthma condition." According to Plaintiff, Defendants were aware that Plaintiff had an asthma condition prior to her termination. In support of this allegation, Plaintiff points to the Branch Review Summary which states in pertinent part that: "Attendance is high. Just the Manager had several absences due to her asthma condition." (Docket No. 39, Exh. 4). The record provides other evidence that supports Plaintiff's contention that SBPR was aware of her condition prior to her termination. Namely, there is an annotation in Plaintiff's termination letter, which makes note of her asthma condition. Said annotation states in pertinent part as follows:

> 11/12/04 - 3:50pm. In a conversation with Yolanda Rivera (Marrero/Sierra), she informed us that her most recent recurring absences were due to the fact that she suffered from asthmatic bronchitis, but that her asthma is not an obstacle in the performance of her work, that it has nothing [to do] with [her] position/job at the bank. (Docket No. 37, Exh. 2).

Thus, the Court finds that there is a notable factual controversy regarding fact 20. However, said factual controversy could only prevent summary judgment if said fact is "material."

---

[4] All the facts considered by the Magistrate Judge are stated in the Factual and Procedural Background of this opinion and order.

As mentioned previously, in order to grant a motion for summary judgment, there should be no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 248. Therefore, only material facts are capable of defeating an otherwise properly supported motion for summary judgment. "As to materiality, the substantive law will identify which facts are material." <u>Id.</u> Thus, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Id.</u>

### 1. <u>Record of Disability</u>

The Magistrate Judge found that the fact that SBPR was aware of Plaintiff's condition is insufficient to demonstrate that SBPR regarded her as disabled or that the perception caused the adverse employment action. This Court agrees with the Magistrate Judge's conclusion.

"Disability," with respect to an individual, is defined under the ADA as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Thus, to establish that she has a disability within the meaning of the ADA, Plaintiff must show: (1) that she has a physical or mental impairment that substantially limits one or more of her major life activities; (2) that she has a record of such impairment; or (3) that she was "regarded as" having such an impairment by SBPR.

Civil No. 06-1018 (JAG)                                                14

Subsection (B) of section 12102(2) qualifies an individual as having a disability if that person has a record of having a mental or physical impairment that substantially limits one or more major life activities. 29 C.F.R. § 1630.2(k). Furthermore, to successfully establish an ADA claim the employer, in making the employment decision, must rely on the record indicating that the plaintiff has or had a substantially limiting impairment. Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc., 242 F.3d 610, 615 (5th Cir. 2001); Taylor v. Nimock's Oil Co., 214 F.3d 957, 961 (8th Cir. 2000); Khalil v. Rohm & Haas Co., 2008 U.S. Dist. LEXIS 10169 (D. Pa. 2008).[5]

However, mere knowledge of an impairment does not create a record of an impairment. Taylor, 214 F.3d at 961. Under the ADA, "the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that the perception caused the adverse employment action."[6] Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996); see also Rhoads v. FDIC, 257 F.3d 373, 391 (4th

---

[5] "There are many types of records that could potentially contain this information, including but not limited to, education, medical, or employment records." Khalil v. Rohm & Haas Co., 2008 U.S. Dist. LEXIS 10169 (D. Pa. 2008).

[6] Under the ADA and the EEOC regulations, a claimant may be considered disabled even if his impairment does not substantially limit a major life activity. Such is the case when the claimants impairment "is treated by a covered entity as constituting such limitation." 29 C.F.R. § 1630.2(l)(1).

Civil No. 06-1018 (JAG)                                              15

Cir. 2001)(affirming grant of summary judgment for defendant where plaintiff proved only that her employers knew she suffered from asthma and migraines, but doubted the severity of her condition); Soler v. Tyco Elecs., Inc., 268 F. Supp. 2d 97 (D.P.R. 2003)(The Court held that although the employer was aware of the employee's heart condition, this was insufficient to show that the employer regarded him as disabled.).

Basically, in order to succeed in her ADA claim, Plaintiff must demonstrate that: 1) there is a record of her asthma condition, 2) that her asthma condition substantially limits one of her major life activities, and 3) that SBPR's decision to terminate her was based on her asthma record. In the present case, there is no evidence that shows that SBPR had a record of Plaintiff's condition. SBPR might have been aware of her condition but it did not have Plaintiff's medical records or any other documentation which shed light on the alleged gravity of her asthma.[7] We interestingly note that Plaintiff stated in her deposition that she did not consider herself as a person with disability and that she never requested reasonable accommodation because she had no reason to do so. (Docket No. 52, Exh. 1, page 60, lines 16-18).

The record is devoid of any evidence that demonstrates that

---

[7] The Magistrate Judge took into consideration that Plaintiff had an oxygen tank at work.

Civil No. 06-1018 (JAG)                                          16

Defendants relied on Plaintiff's asthma condition when they terminated her. Thus, even if Defendants were aware of Plaintiff's condition, this by itself would not affect the outcome of the suit under the governing law.[8] As a result, this Court holds that fact 20 is not "material."

After reviewing facts 13, 16 and 17, the Court also finds that they are not "material" facts.[9] These facts are irrelevant.[10] Thus, even if there was an issue as to facts 13, 16, 17 and 20, the contested facts do not have the potential to preclude Plaintiff's Motion for Summary Judgment.[11] Moreover, the Court holds that

---

[8] Khalil v. Rohm & Haas Co., 2008 U.S. Dist. LEXIS 10169, 34-35 (D. Pa. 2008)(Holding that the knowledge of Plaintiff's asthma alone was insufficient to establish a record of an impairment.)

[9] As mentioned above, facts 13, 16, and 17 state as follows:
13) On August 26, 2004, Plaintiff was informed that, in addition to the performance issues that had been informed to her when she was placed on the PIP, she had also violated the bank's policies and procedures related to the Customer Identification Program ("CIP").
16) Plaintiff was informed that there would be a formal review of her and of Plaza Escorial's branch's performance on October 31, 2004.
17) The formal review states that the Plaza Escorial Branch of SBPR was in a state of disarray where almost all areas of the branch that were inspected were deficient.

[10] "[F]actual disputes that are irrelevant or unnecessary will not be counted" when deciding a Motion for Summary Judgment. Rodriguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 151 (D.P.R. 2003)(citing Anderson, 477 U.S. at 248).

[11] We interestingly note that Plaintiff conceded that his fact objections do not contradict the Report and Recommendation's findings.

Civil No. 06-1018 (JAG)                                              17

Plaintiff failed to demonstrate that SBPR took into consideration her asthma condition when it terminated her. Thus, Plaintiff has failed to proffer an adequate ADA claim.

    2. <u>Plaintiff's Failure to Adequately State a Claim</u>

    Plaintiff also failed to proffer an adequate ADA claim because she failed to specifically allege that Defendants regarded or perceived her as disabled as required by the ADA. In her objections, Plaintiff requested the Court permission to amend the present complaint to include the "regard as" claim.

    As mentioned previously, subsection (C) of Section 12102(2) defines disability as: "being regarded as having such an impairment." In order to state a claim under subsection (C), a plaintiff must specifically allege in her complaint that her "employer regarded her as having an impairment within the meaning of the [ADA]." <u>See</u> <u>Sutton v. United Air Lines, Inc.</u>, 527 U.S. 471, 489 (1999); <u>Cox v. Civista Med. Ctr.</u>, 16 Fed. Appx. 185, 186 (4th Cir. 2001). Failure to do so could result in the dismissal of an ADA claim. <u>Cox</u>, 16 Fed. Appx. at 186; <u>Saunders v. Baltimore County, Md.</u>, 163 F. Supp.2d 564, 566 (D.Md.2001)(finding plaintiff alleged only that employer was aware of his asthma, and not that employer perceived plaintiff as disabled as a result of his asthma). <u>See also</u> <u>Medlock v. City of St. Charles</u>, 89 F. Supp. 2d 1079, 1082 (E.D. Mo. 2000)(finding that plaintiff could not proceed in her ADA suit under a theory that she was regarded as being disabled, since

Civil No. 06-1018 (JAG)                                                  18

her complaint did not state that the employer perceived the plaintiff as having a substantially limiting impairment).

Plaintiff states in her complaint that SBPR was aware that she was asthmatic. However, the first time that Plaintiff alleged that SBPR regarded her as disabled was in the opposition to the request for summary judgment. This Court has held that it will not allow a plaintiff to amend his/her allegations through his/her opposition pleading. Rodriguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 152 (D.P.R. 2003).

Plaintiff requests permission to amend her complaint to include her "regarded as" claim. Nonetheless, even if this Court were to permit Plaintiff to amend her allegations, it would not change the fact that SBPR was merely aware of her asthma condition.

Defendants have the burden of establishing the nonexistence of a genuine issue as to a material fact.[12] See Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986). However, this burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. In the present case, there is no evidence in the record to support the contention that SBPR perceived Plaintiff as being disabled. This

---

[12] "This burden has two components: (1) an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party." Rodriguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 151 (D.P.R. 2003)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986)).

Civil No. 06-1018 (JAG)                                          19

shifts the burden to Plaintiff, who in order to preclude Defendants' Motion for summary Judgement, must "demonstrate that a trier of fact reasonably could find in [her] favor." DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir.1997) (citing Celotex, 477 U.S. at 322-25).

The Court finds that Plaintiff has failed to demonstrate that the record contains evidence supporting her allegation that SBPR perceived her as disabled. The record reflects that SBPR was only aware of her condition. Furthermore, as mentioned previously, there is no evidence that SBPR took into consideration Plaintiff's asthma condition when she was fired. Thus, the amendment requested by Plaintiff will not change the fact that she does not meet the requirements necessary in order to proffer an adequate ADA claim. Consequently, Plaintiff's Motion for Summary Judgment shall be granted.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, (Docket No. 59), in its entirety and, accordingly, **GRANTS** Defendants' Motion for Summary Judgment. (Docket No. 22). Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of March, 2008.

Civil No. 06-1018 (JAG)                                              20

                                    <u>S/Jay A. Garcia-Gregory</u>
                                    JAY A. GARCIA-GREGORY
                                    United States District Judge